LAKE DRUMMOND CANAL & WATER CO. v. WEST END TRUST & SAFE DEPOSIT CO.

(Circuit Court, E. D. Pennsylvania.   June 27, 1904.)

No. 56.

1. CONTRACTS—PERFORMANCE—INDEMNITY—SURETIES—EVIDENCE—RECORDS.

> Where a contractor for certain work covenanted to save plaintiff harmless from all claims advanced by any person by reason of the work done or omitted to be done under the contract, and at his own cost and expense to defend all suits which might be brought against plaintiff on such claims, the records of suits so brought in which recoveries were had against plaintiff, which plaintiff paid, were conclusive evidence as against the contractor's surety, provided they disclosed with sufficient certainty that the suits were founded on the negligence or other improper conduct of the contractor.

2. SAME.

Where a contractor agreed to indemnify plaintiff against claims of third persons arising out of the work, but the records in suits brought on such claims did not identify the contractor either by name or description as causing the injury, and it affirmatively appeared that a part of the injuries for which recoveries were had occurred after the contractor had left the work, such records, being offered as a whole in an action against the contractor's surety, were properly excluded.

Motion for New Trial.

A. T. Freedley, for plaintiff.

John Hampton Barnes, for defendant.

J. B. McPHERSON, District Judge. This controversy arises upon the following facts: In March, 1896, Patricius McManus entered into a contract with the plaintiff to dredge and widen a section of the Dismal Swamp Canal. He continued at work until the latter part of the year 1898, when, in consequence of disputes between him and the company, he gave up the contract. These disputes were settled by an agreement dated December 3, 1898, of which the following is the only passage that is now relevant:

"(3) The said McManus hereby further covenants and agrees to duly and promptly protect and save harmless the company [plaintiff] from all claims of any sort or description which may be advanced against the company by anyone on account of or by reason of work done or omitted to be done under the said contracts of March 23, 1896, and March 28, 1898, and at his own cost and expense to defend all suits which may be brought against the company on such claims."

The defendant became the surety of McManus upon this agreement, binding itself for "the prompt and faithful performance of all the covenants, warranties, and agreements of Patricius McManus as set forth in the foregoing contract." During the period between June 29, 1900, and May 25, 1901, eight suits were brought against the canal company in North Carolina by owners of land bordering upon the canal along the section where McManus had been at work. In these suits it was charged that the canal company, its agents, employés, and contractors, deposited large quantities of mud, sand, and water upon the lands of the plaintiffs, filled up the drainage ditches, and caused water to accumulate or pond upon the surface, thereby injuring the productive capacity of the soil, and doing much damage both to the annual crops and also to the freehold. Recovery was had in each case, the judgments were affirmed by the Supreme Court of North Carolina, and an aggregate sum of more than $10,-000 was paid by the canal company in satisfaction of the claims. Both McManus and the defendant were notified of the suits as they were brought, and were asked to defend them, but these requests were either ignored or refused. The present suit is brought to recover from the surety the sums thus paid by the defendant, the averment being that all these suits were founded upon the negligent or other improper conduct of McManus, and that he had bound himself by the agreement of December 3, 1898, to save the canal company harmless from all litigation that might grow out of work done by him. At the trial the plaintiff offered in evidence certified copies

of the North Carolina records, but they were excluded by the court, and this exclusion is the principal subject of complaint under the present motion.

It is undoubtedly true that under the facts above stated the records would have been not only evidence, but conclusive evidence, against the surety (Washington Gas Co. v. District of Columbia, 161 U. S. 329, 16 Sup. Ct. 564, 40 L. Ed. 712), if they had disclosed with sufficient certainty that the suits were founded upon the negligent or other improper conduct of McManus. The difficulty, in my mind, during the trial, however, was that they did not show with the needful precision this important fact. McManus' name does not appear in them at all; neither is he so described as to be definitely pointed out. The acts complained of are described as the acts of the canal company, its agents, employés or contractors, and the only way in which McManus can be connected with the injuries is by other evidence in the case, coupled with the averment in five of the records that the harm was done when the canal was being widened in 1898. Even this help is not to be found in three of the records—the suits of Norris, Burnham, and Edney—for in each of these cases the injury is averred to have been done in part during the year 1899, after McManus had retired from the work, and the company alone was carrying it on. These records afforded no means of separating the damage done in the year 1899 from the damage done in 1898, the judgments being for lump sums; yet for the first item McManus could not be held liable. So, also, with regard to the items making up the sums recovered. In several of the cases it affirmatively appears that awards were made for damages to the crops of 1899, 1900, and 1901, for which the canal company would be liable, if the injury was done by its failure to open the drainage ditches that McManus may have left filled up; and this is specifically charged against the company as one of the grounds for recovery. Surely, if the canal company found that a nuisance had been left on its hands by McManus, it was bound to abate it, and if it failed to do so, and thereby became liable in damages, it cannot recover such damages from the person who may have been equally guilty of the wrong. Because of this lack of definiteness and precision in the records, they did not seem to me to be competent, and I am still of the same opinion.

I may add that the records were offered as a whole, and the ruling of the court was upon them as a whole, and not separately.

The motion for a new trial is refused.